**No. 51829.**—H. E. Pogue Co. *v.* United States, protest 124058–K (Cleveland).

CLINE, Judge: This protest involves the amount of duty assessed by the collector at the subport of Cincinnati upon an importation from Mexico of 692 boxes, each containing one demijohn of distilled gin. The plaintiff claims that duty should have been assessed on the quantity actually imported, or upon the quantity used as the basis for assessment of internal revenue taxes, or upon the quantity found to have been imported at the port of arrival, or upon the quantity reported as found by the official gauger at the interior port of entry. It is further claimed that due allowance in duties should be made for outage or leakage in excess of 10 percent; that duty should not have been assessed upon 97 demijohns of distilled gin destroyed under customs supervision and allowance in duties should be made therefor.

The official papers disclose that 692 demijohns of gin were imported at the port of Laredo, Tex. An immediate transportation entry was filed therefor. It was noted thereon that 59 of the demijohns were broken when originally unloaded. The discharging inspector reported that 4 more were found broken when repacking, thus making a total of 63 demijohns broken. The discharging inspector at the subport of Cincinnati reported that 34 more demijohns, or 97, were broken out of the 692 imported.

The computation of the dutiable gallonage appears upon the United States weigher's return as follows: The 595 sound demijohns contain 4,669.70 proof gallons. The demijohns destroyed totaled 97, including 63 reported by the inspector at Laredo as broken. Duty was computed upon 34 demijohns, the quantity found

broken upon arrival of the shipment at Cincinnati, on the basis of the "constructive quantity a/c loss of a character not allowable for duty (subject to deduction of actual quantity destroyed)." The "constructive quantity" mentioned is shown to have been obtained by taking the highest average net weight of the gin in the sound demijohns as representative of the average net weight of the 34 broken demijohns. The proof gallons estimated to have been contained in the 34 broken demijohns was found by multiplying the weight of a proof gallon factor calculated on the basis of 180 proof, the proof shown on the invoice, although the true proof was reported as only 167. An average net weight of 35.211 pounds, each multiplied by the number of demijohns, equalled a total weight of 1,197.17 pounds. As an application was made and granted for the destruction under customs supervision of these 34 broken demijohns, the gin still remaining therein and also destroyed, was found to weigh 87.25 pounds. No duty was assessed upon this quantity. Therefore, to obtain the "constructive dutiable quantity" of 1,110 pounds, the 87.25 pounds was subtracted from 1,197.17 pounds. Multiplying that sum by 0.25928, the proof-gallon factor, 287.80 proof gallons was found to be the "constructive dutiable quantity." The total proof gallons in the sound demijohns, reported as 4,669.79, plus 287.80, equals 4,957.59 proof gallons, the quantity upon which duty was assessed at the rate of $2.50 per proof gallon. The internal revenue tax of $9 per proof gallon was levied upon the basis of 4,669.70 proof gallons.

At the time of the destruction of the 34 demijohns in warehouse under customs supervision, 13 were reported as empty, 5 as containing 2¼ net pounds of gin, 7 as containing 3¾ net pounds, 7 as containing 5 pounds, 1 as containing 6¾ pounds, and 1 as containing 8 pounds. Therefore, all show a loss of more than 10 percent of the highest average weight of the contents, i. e., 34.211 pounds.

The collector in his answer to protest summarized his action as follows:

Duty was assessed on the contents of the sound demijohns as ascertained by the customs gauger, assessment being made on the basis of the exported quantity on the balance. Allowance in duty was made for the 63 demijohns found broken at the time of arrival in the United States. Allowance was also made for the quantity of gin actually destroyed under customs supervision. No allowance was made in the case of the demijohns which were empty at the time of destruction. Internal revenue tax was assessed on the quantity received and delivered to the importer.

At the trial it was stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General as follows:

* * * that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset Importers, Ltd.*, C. A. D. 328; that a quantity of liquor, amounting to 10% or more of the total contents of the flasks or demijohns described in the invoice and entry included in Protest 124058–K 6803 covering Cincinnati Entry W. H. 198 per Texas Mexican Railroad of May 4, 1944, was lost in transit from the port of exportation to the port of destination, due to breakage, leakage or damage; that upon liquidation, allowance was made for 63 flasks or demijohns and 87¼ lbs. liquor remaining in 34 broken flasks or demijohns, but no allowance or deduction in duty was made for the other liquor which had been contained in said 34 flasks or demijohns of liquor which had been lost in transit and which was reported by the inspector at port of destination; that said loss appears from the gauger's return verified by a timely affidavit from the importer; and

It is further stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General that any refunds allowed in reliquidation of the entry involved in the protest covered by this stipulation shall be specifically limited to the merchandise covered by the official report of the United States Gauger that shows a loss of 10% or more, and where the importer has filed with the Collector of Customs a verified affidavit within the 15 day period in accordance with Paragraph 813, Tariff Act of 1930, and the Customs Regulation; that as to the ninety-seven flasks or demijohns whereon application for destruction was filed, pursuant to Section 563 (b) and/or Section 557 of the Tariff Act of 1930, upon liquidation, allowance or deduction in duty was made for 87¼ lbs. of liquor

in 34 broken flasks or demijohns but no allowance or deduction in duty was made for the other liquor which had been contained in said 34 flasks or demijohns which were lost in transit between the border port and the port of destination; and

It is further stipulated and agreed that the record in said C. A. D. 328 be admitted in evidence in this case, and that the protest be deemed submitted on this stipulation.

Plaintiff waives the right to first docket call and further amendment of this protest.

In accordance with this stipulation and following the decision cited, we hold that an allowance should have been made for the loss appearing upon the gauger's return as to the 34 broken demijohns, estimated to be 287.80 proof gallons, insofar as such loss appearing upon the gauger's return is verified by a timely affidavit by the importer and represents 10 percent or more of the contents of each demijohn.

Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entry and make refund of duties levied upon the gin estimated to have been constructively contained in the 34 broken demijohns, wherever the contents "amounting to 10 per centum or more of the total value of the contents of the said * * * package in its condition as exported, has been lost." (Paragraph 813, Tariff Act of 1930.) In all other respects the protest is overruled.